# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# NORTHERN DIVISION

| | |
|---|---|
| **DONALD K. MOORE,** <br><br> Plaintiff, <br><br> v. <br><br> **UNITED STATES POSTAL SERVICE,** <br><br> Defendant. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 1:17-cv-182-JNP-DBP <br><br> District Judge Jill N. Parrish <br><br> Magistrate Judge Dustin B. Pead |

## INTRODUCTION

District Judge Jill N. Parrish referred this case to Magistrate Judge Dustin B. Pead pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 6.) On December 1, 2017, the court granted Donald K. Moore's ("Plaintiff") application for leave to proceed *in forma pauperis* and waived the prepayment of filing fees pursuant to 28 U.S.C. § 1915 ("IFP Statute"). (ECF No. 2.) Accordingly, the court will screen Plaintiff's action as required under the IFP Statute. *See, e.g.*, *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). Because Plaintiff is proceeding pro se in this case, the court will construe his pleadings liberally. *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

## LEGAL STANDARDS

Whenever the court authorizes a party to proceed without payment of fees under the IFP statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In determining whether a complaint fails to state a claim for relief under the IFP Statute, the

court employs the same standard used for analyzing motions to dismiss for failure to state a claim under rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). Under that standard, the court "look[s] for plausibility in th[e] complaint." *Id.* at 1218 (quotations and citations omitted) (second alteration in original). More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (other quotations and citation omitted) (second and third alterations in original).

In undertaking this analysis, the court is mindful that Plaintiff proceeds pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g.*, *Ledbetter*, 318 F.3d at 1187. At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *Bellmon*, 935 F.2d at 1110, and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam). Further,

> [t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the

> plaintiff's well-pleaded factual contentions, not his conclusory
> allegations.

*Bellmon*, 935 F.2d at 1110 (citations omitted). With the foregoing standards in mind, the court will now address the sufficiency of Plaintiff's complaint under the IFP Statute.

## ANALYSIS

### I. Review of Plaintiff's complaint

Plaintiff's complaint is comprised of a few paragraphs and an attached letter from a coworker. Plaintiff asserts that on September 6, 2017, he was on his route delivering mail for the United States Postal Service ("USPS") when a manager who was observing him that day questioned his need to stop for a "sip of water." (ECF No. 3 at 1.) Plaintiff then states that on October 13, 2017, his USPS supervisors "debated on the workroom floor out loud about [his] work restrictions while [he] was getting ready to deliver [his] route." (ECF No. 3 at 1.) The attached letter provides some additional details regarding this incident. The letter states that Plaintiff was "getting bullied" by the USPS supervisors as they were aggressively questioning him about his medical restrictions. (ECF No. 3, Ex. 1.) The author of the letter further notes that the commotion could be heard from 50 to 75 feet away.

Plaintiff argues that these actions violate "42 U.S.C. 1320-6." (ECF No. 3 at 1.) Because no United States Code section exists at 42 U.S.C. § 1320-6, the court construes Plaintiff's citation as one to 42 U.S.C. § 1320d-6. Section 1320d-6 governs wrongful disclosure of individually identifiable health information, under the Health Insurance Portability and Accountability Act ("HIPAA"). However, as noted by the Tenth Circuit, "HIPAA does not create a private right or action for alleged disclosures of confidential medical information." *Wilkerson*

*v. Shinseki*, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010) (citing *Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006)). Therefore, Plaintiff's claim for a violation of HIPAA fails as a matter of law.

Next, construing Plaintiff's complaint liberally, it appears that Plaintiff may be attempting to assert some type of employment discrimination claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), *see* 42 U.S.C. §§ 2000e-1 to 2000e-17, the Americans with Disabilities Act ("ADA"), *see* 42 U.S.C. §§ 12101 to 12213, and/or the Rehabilitation Act, *see* 29 U.S.C. § 791. However, while Plaintiff alleges that his supervisors have engaged in callous and objectionable behavior, he has not identified any adverse employment action taken against him, which is a required element of such claims. Moreover, even assuming Plaintiff suffered some adverse employment action, he does not alleges sufficient facts to show he exhausted his administrative remedies. Exhaustion of administrative remedies is a jurisdictional prerequisite to filing an action under Title VII, the ADA, or the Rehabilitation Act. *See Ransom v. U.S. Postal Service*, 170 Fed. App'x 525, 527 (10th Cir. 2006).

The court has liberally construed Plaintiff's complaint and concludes that Plaintiff has failed to provide enough well-pleaded factual allegations to support his alleged claims for relief. Plaintiff provides only conclusory allegations and fails to provide sufficiently detailed factual allegations that would allow the court to determine whether his claims should survive dismissal. For these reasons, Plaintiff's complaint fails to state claims upon which relief can be granted. At the same time, however, the court recognizes that "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay*, 500 F.3d at 1217 (quotations and citation omitted). Accordingly, Plaintiff is hereby provided with an opportunity

4

to amend his complaint. Plaintiff shall file an amended complaint that complies with the requirements set forth above within thirty (30) days of the date of this order. Failure to do so will result in a recommendation to Judge Parrish that this case be dismissed.

## II. Plaintiff's motion to appoint counsel

The court next addresses Plaintiff's motion for appointment of counsel. (ECF No. 5.) "The appointment of counsel in a civil case is left to the sound discretion of the district court." *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994). Although "[t]here is no constitutional right to appointed counsel in a civil case," *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1988) (per curiam), the court may appoint an attorney to represent a litigant who is unable to afford counsel. *See* 28 U.S.C. § 1915(e)(1). When deciding whether to appoint counsel, the court must consider certain factors, "including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quotations and citations omitted).

The court turns to considering those factors in this case. First, as explained above, the court finds that Plaintiff's claims do not appear meritorious, at least as presently pleaded. Second, concerning Plaintiff's ability to present his claims, there is no indication that he is unable to pursue this case adequately. Finally, with respect to the complexity of this case, the court finds the factual and legal issues raised by Plaintiff's complaint do not appear to be complicated or difficult to explain. Further, at this stage of Plaintiff's case, the court is concerned only with the sufficiency of Plaintiff's allegations, and the court does not believe that appointed counsel would materially assist Plaintiff in describing the facts surrounding his

allegations. *See, e.g.*, *Bellmon*, 935 F.2d at 1110 (stating that "a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury"). For these reasons, Plaintiff's motion for appointment of counsel is denied. If it appears that counsel may be needed or of specific help at a later date, however, the court may then ask an attorney to appear pro bono on Plaintiff's behalf.

## **CONCLUSION**

In summary, **IT IS HEREBY ORDERED** that Plaintiff shall file an amended complaint that complies with the requirements set forth in the above-referenced authorities within thirty (30) days of the date of this order. Failure to do so will result in a recommendation to Judge Parrish that this case be dismissed.

Further, Plaintiff's motion for appointment of counsel is **DENIED**. (ECF No. 5.)

DATED this 26th day of April, 2018.

BY THE COURT:

_____
DUSTIN B. PEAD
United States Magistrate Judge