# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## NORTHERN DIVISION

| | |
|---|---|
| **DONALD K. MOORE,** <br> **Plaintiff,** <br> v. <br> **UNITED STATES POSTAL SERVICE,** <br> **Defendant.** | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 1:17-cv-00182-JNP-DBP <br><br> District Judge Jill N. Parrish <br><br> Magistrate Judge Dustin B. Pead |

## **INTRODUCTION**

On December 1, 2017, the court granted Donald K. Moore's ("Plaintiff") application for leave to proceed *in forma pauperis* and waived the prepayment of filing fees pursuant to 28 U.S.C. § 1915 ("IFP Statute"). (ECF No. 2.) That same day, Plaintiff filed his initial complaint against the United States Postal Service ("USPS"). (ECF No. 3.) Plaintiff's initial complaint was comprised of a few paragraphs and an attached letter from a coworker. Plaintiff asserted that on September 6, 2017, he was on his route delivering mail for the USPS when a manager who was observing him that day questioned his need to stop for a "sip of water." (ECF No. 3 at 1.)

On December 12, 2017, Plaintiff filed a *Motion to Appoint Counsel* ("Motion"). (ECF No. 5.) Shortly after the Motion was filed, District Judge Jill N. Parrish referred this case to Magistrate Judge Dustin B. Pead pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 6.) In reviewing the Motion, Magistrate Judge Pead undertook screening Plaintiff's action as required under the IFP Statute. *See, e.g.*, *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

The court issued a Memorandum Decision and Order instructing Plaintiff to file an amended complaint that contained enough well-pleaded factual allegations to support his alleged claims for relief. (ECF No. 7 at 4.) In addition, Magistrate Judge Pead denied Plaintiff's Motion. Plaintiff filed an amended complaint ("Amended Complaint") on May 29, 2018. (ECF No. 8.) Because Plaintiff is proceeding pro se in this case, the court will construe his pleadings liberally. *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

## ANALYSIS

In order to state a proper claim, federal rule 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also* DUCivR 3-5 (the complaint "should state the basis for the court's jurisdiction, the basis for the plaintiff's claim or cause for action, and the demand for relief."). The requirements of federal rule 8(a) are further reinforced under rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

As explained by the Tenth Circuit, compliance with rule 8 requires that a pleading "explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1163 (10th Cir. 2007). These requirements are designed to provide the opposing party with fair notice of the claims against it and allow the court to conclude that, if proven, the allegations show that plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Assn. of Kansas,* 891 F.2d 1473, 1480 (10th Cir. 1989) *citing Perington Wholesale Inc. v. Burger King Corp.,* 631 F.2d 1369, 1371 (10th Cir. 1979); *see also Nasious*, 492 F.3d 1163 (10th Cir. 2007) (a

plain statement under rule 8 provides a Defendant with "sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits.")

Plaintiff's Amended Complaint is comprised of a few paragraphs and asserts that he has heat intolerance, that on September 6, 2017 the USPS denied him water on his route, and that this action violates "CFR 1926.51(a)(1)." [1]  (ECF No. 8 at 1.)  Even under the most liberal reviews of the Amended Complaint, Plaintiff, for a second time, has failed to state the basis for the court's jurisdiction, clearly identify defendants who allegedly violated Plaintiff's rights, and how the alleged conduct harmed the Plaintiff.

Adhering to the requirements of Rule 8 while liberally construing the claims in the Amended Complaint, the court finds Plaintiff's Amended Complaint fails to satisfy even the minimal pleading requirements.  While Fed.R.Civ.P. 8(a) only requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief", a defendant faced with Plaintiff's pleading would not have fair notice of the grounds on which Plaintiff's claims are based, how Plaintiff has been harmed, and the relief he is possibly entitled to receive.  Given Plaintiff's pro se status, however, the court is not inclined at this juncture to foreclose Plaintiff's opportunity to properly plead his causes of action.

---

[1] In the Amended Complaint, Plaintiff is claiming USPS has violated section 1926.51 of the Occupational Safety and Health Act ("OSHA"). Section 1926 of OSHA, however, establishes safety and health standards for the construction industry. *See United States Department of Labor, Occupational Safety and Health Administration at* https://www.osha.gov/pls/oshaweb/owasrch.search_form?p_doc_type=STANDARDS&p_toc_level=1&p_keyvalue=Construction; *see also OSHA Safety Standards—How They Apply—An Update*, 2 Ann.2004 ATLA-CLE 1725 (2004).

# ORDER

Based upon the foregoing, **IT IS HEREBY ORDERED** that Plaintiff, within twenty days from the date of this order, shall file a second amended complaint that includes the following:

1. A short, plain statement of each cause of action including reference to the specific statute or legal right that was violated;

2. A short, succinct and specific factual allegations in support of each claim that are set forth in numbered paragraph form;

3. Identification of what each defendant did, and when;

4. Identification of how a defendant's conduct harmed the Plaintiff; and

5. Identification of any connection between any relevant exhibits and the specific claim alleged.

The court admonishes Plaintiff that his failure to comply with Rule 8 pleading requirements for a third time will result in a recommendation to Judge Parris that the case be dismissed.

DATED this 23rd day of July, 2018.

BY THE COURT:

_____
DUSTIN B. PEAD
United States Magistrate Judge