# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DONALD K. MOORE,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>　　　　　　　　Defendant. | **ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE WITHOUT PREJUDICE**<br><br>Case No. 1:17-CV-182<br><br>District Judge Jill N. Parrish |

　　　　Pro se plaintiff Donald K. Moore, proceeding in forma pauperis ("IFP"), initiated suit against the United States Postal Service on December 1, 2017. (ECF No. 3). On April 26, 2018, Magistrate Judge Pead issued an order that apprised Mr. Moore of deficiencies in his complaint, and granted leave to address those problems in an amended complaint. (ECF No. 7). On May 29, 2018, Mr. Moore filed his first amended complaint. (ECF No. 8). Magistrate Judge Pead subsequently issued an order finding the first amended complaint similarly insufficient. (ECF No. 9). Magistrate Judge Pead yet again granted leave to amend, and the order provided Mr. Moore with a straightforward roadmap to assist him in drafting his next complaint. Magistrate Judge Pead warned that he would recommend that the court dismiss Mr. Moore's action if he failed to file a second amended complaint that complied with that order within twenty days.

　　　　Because no second amended complaint materialized, Magistrate Judge Pead issued a Report and Recommendation on August 28, 2018, that the court dismiss Mr. Moore's action for failure to prosecute. (ECF No. 10).

Mr. Moore filed a timely objection to the Report and Recommendation. (ECF No. 11). Because Mr. Moore objected to the Magistrate Judge's order, the court "must determine de novo" whether his objections have merit. Fed R. Civ. P. 72(b)(3). This is no small task, however, because Mr. Moore does not identify the "part of the magistrate judge's disposition" to which he objects. *Id.* Mr. Moore's filing consists not of an explanation for his failure to file a second amended complaint, but rather of an even more abbreviated iteration of his earlier complaints. It reads, in its entirety:

> I, Donald K. Moore, The Plaintiff in said case, do hearby [sic] object To The Case being recommended For dismissal because
> 1. The U.S. Postal Service denied me time to drink water on my route and adequately hydrate.
> 2. Because They denied me water on my route, I suffered dehydration symptoms such as dizziness and physical hardship.
> 3. The U.S. Postal Service was aware of my heat exhaustion From doctors orders and Their negligence by not allowing me to drink water exacerbated my heat exhaustion.

There is nothing in this filing that even approaches an explanation of Mr. Moore's failure to comply with Magistrate Judge Pead's order. But even if the court overlooked this unexplained procedural default and construed his objection as a second amended complaint, it would nevertheless dismiss the action because Mr. Moore's allegations remain inadequate to apprise the defendant of the claim it is facing. Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought.

Construing Mr. Moore's objection as a second amended complaint, the court finds that Mr. Moore has not satisfied any of these requirements. The complaint is deficient not because it fails to comply with legal formalities. Rather, Mr. Moore does not set forth the kind of factual

narrative a defendant would need to begin assessing the claim and ascertaining available defenses. Beyond that, the complaint does not even attempt to identify a cause of action that might entitle the plaintiff to relief.

Mr. Moore was given ample opportunity to remedy his deficient pleading. Magistrate Judge Pead provided him with a numbered list of items to include in his second amended complaint. Mr. Moore failed to file a second amended complaint, and when he attempted to file an untimely complaint in the guise of an objection to the Report and Recommendation, it did not include the items the Magistrate Judge had identified. For these reasons, the action must be dismissed without prejudice.

## ORDER

The court OVERRULES Plaintiff's objection, (ECF No. 11), and therefore ADOPTS IN FULL Magistrate Judge Pead's Report and Recommendation, (ECF No. 10). Plaintiff's action is DISMISSED WITHOUT PREJUDICE.

Signed October 10, 2018

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge